IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. VASQUEZ,<br>No. B-85645,<br><br>      Plaintiff,<br><br>  vs.<br><br>ALFONSO DAVID,<br>WEXFORD HEALTH SOURCES, INC.,<br>and MAHESH PATEL,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-00512-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff Charles F. Vasquez, an inmate in Shawnee Correctional Center at the time this case was filed, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff takes issue with the failure to purse testing and treatment for his hepatitis C. He has now been released from prison.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, while housed at Centralia Correctional Center, tests revealed that Plaintiff's "liver numbers" were elevated, which Dr. Mahesh Patel attributed to Plaintiff's HIV status. Months later, after he was transferred to Shawnee Correctional Center, Dr. Alfonso David diagnosed Plaintiff with hepatitis C. Although Illinois Department of Corrections' policies dictate that additional testing should be performed to determine the correct course of treatment, Dr. David did not perform the testing because Plaintiff was slated for release from prison. It is purportedly the policy of the prison healthcare provider, Wexford Health Sources, Inc., to not pursue testing and treatment unless the inmate would be in prison for the 18-month period required for the hepatitis C treatment regimen.

From Plaintiff's perspective, the failure to perform testing once his "liver numbers" appeared elevated cost him time and the opportunity to combat the hepatitis C at the earliest opportunity. He characterizes the failure of Dr. Patel and Dr. David to perform testing and

treatment, and Wexford Health source's corresponding policy, as negligent, malpractice and deliberate indifference in violation of the Eighth Amendment.

## Discussion

The violation of prison regulation or policies, alone, does not violate the constitution. However, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno*, 414 F.3d at 653, citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653. "Deliberate indifference cannot rest on negligent actions or inactions, but must

instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003).

The allegations of negligence and medical malpractice cannot form the basis for a constitutional claim actionable under Section 1983. Regarding Dr. Mahesh Patel, all that is alleged is negligence and/or malpractice, not deliberate indifference.  Dr. Patel attributed Plaintiff's elevated "liver numbers" to Plaintiff's HIV status; consequently, he did not perform additional tests that, presumably, would have revealed hepatitis C months sooner than it was discovered.  At worst, Dr. Patel's conduct was negligent; there is nothing to suggest deliberate indifference.  Consequently, all claims against Dr. Patel will be dismissed without prejudice.

The complaint does present a colorable Eighth Amendment claims against Dr. Alfonso Davis and Wexford Health sources, Inc., which will proceed.

### Motion for Pauper Status

Plaintiff has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2). At the time the case was filed, Plaintiff was incarcerated, and his financial affidavit indicates that he has no assets—even his prison account has a negative balance.  As already noted, plaintiff has now been released from prison, so ordering a preliminary partial payment and subsequent periodic payments is no longer feasible.  Therefore, the Court finds that Plaintiff's indigent and unable to pay the filing fee. Thee fee will be waived.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims of negligence and medical malpractice are **DISMISSED** without prejudice as to all Defendants, and Defendant **MAHESH PATEL** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claims against Defendants **ALFONSO DAVID** and **WEXFORD HEALTH SOURCES, INC.**, shall **PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed as a pauper (Doc. 2) is **GRANTED**; the filing fee is waived.

The Clerk of Court shall prepare for Defendants **ALFONSO DAVID** and **WEXFORD HEALTH SOURCES, INC.** :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 2, 2014**

    *s/ J. Phil Gilbert*
    **United States District Judge**