IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-512-JPG-PMF |
| | ) |
| ALFONSO DAVID, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a defense motion for summary judgment (Doc. No. 22). Plaintiff Charles Vasquez is challenging the conditions of his former confinement at Shawnee Correctional Center, alleging that he was subjected to cruel and unusual punishment when defendants Alfonso David and Wexford Health Sources, Inc. deprived him of appropriate follow-up care for a serious medical ailment, hepatitis C. The defendants seek judgment in their favor on the affirmative defense of failure to exhaust administrative remedies. That defense was raised in the pleadings (Doc. Nos. 14, 15). The motion is opposed (Doc. No. 25). Because the issues presented for decision are legal rather than factual, an evidentiary hearing has not been held.

Inmates who wish to challenge aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The prison's procedural rules establish the contours of the requirement. See *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, in order to exhaust, a detainee must file a grievance and appeal in the place and at the time the

prison's rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. *Jones*, 549 U.S. at 218.

In Illinois, the grievance procedure usually starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board (ARB). 20 Ill. Admin. Code §§ 504.810, 504.850. Another route is for the inmate to submit an emergency grievance directly to the warden. Once the warden makes a decision, the inmate completes the procedure by filing an appeal with the ARB. 20 Ill. Admin. Code §§ 504.840, 504.850.

The materials submitted show that the exhaustion defense lacks substantial merit. Only one grievance warrants in-depth discussion. Plaintiff prepared a grievance concerning the level of medical treatment provided for his hepatitis C on September 25, 2013. That grievance was submitted as an emergency (Doc. No. 23-1, pp. 26-27). On October 1, 2013, the warden decided that the grievance would not be treated as an emergency. The grievance was then forwarded to plaintiff's counselor, who responded on October 7 and 28, 2013 (Doc. No. 23-1, pp. 26, 28). Plaintiff appealed to the ARB, which received the appeal on November 4, 2013.

At this point, plaintiff had taken all steps required by the administrative rules. In Illinois, prisoners who submit emergency grievances to a warden are not required to start the process anew. Rather, they may appeal to the ARB. 20 Ill. Admin. Code § 504.840; *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).

On November 18, 2013, the ARB sent correspondence to plaintiff, asking for additional documentation, including a grievance officer's response (Doc. No. 23-1, p. 25). By doing so, the ARB interjected an additional step into the grievance procedure. As a consequence, the Court will deem the administrative remedies exhausted. *Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir.2006)(when prison officials erroneously impose requirements on the grievance process, administrative remedies are not available); *Brown v. Croak*, 312 F.3d 109, 111-12 (3d Cir.2002) (remedies were unavailable when officials told prisoner he had to wait until investigation was complete before filing grievance). Moreover, the ARB never reached a decision regarding plaintiff's November 4, 2013, appeal. Administrative remedies will be deemed unavailable when a response is not provided. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002).

In sum, the Court is satisfied that plaintiff took all of the steps required of him and exhausted all available administrative remedies.

IT IS RECOMMENDED that defendants' motion (Doc. No. 22) be DENIED.

**SUBMITTED: August 31, 2015**

                       s/Philip M. Frazier
                       **PHILIP M. FRAZIER**
                       **UNITED STATES MAGISTRATE JUDGE**