UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. VASQUEZ, | |
|     Plaintiff, | |
|     v. | Case No. 14-cv-512-JPG-PMF |
| ALFONSO DAVID, M.D., WEXFORD HEALTH SOURCES, INC., and MAHESH PATEL, | |
|     Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 26) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion for summary judgment for failure to exhaust administrative remedies filed by defendants Alfonso David, M.D., and Wexford Health Sources, Inc. (Doc. 22). The defendants have objected to this recommended disposition (Doc. 27).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Plaintiff Charles F. Vasquez was an inmate at Shawnee Correctional Center at all relevant times. On September 25, 2013, he filed with the warden an emergency grievance regarding his medical care. The warden determined the grievance was not an emergency and returned it to Vasquez. Vasquez gave it to his counselor, who provided a response, and then sent it straight to

the Administrative Review Board ("ARB") without sending it to a grievance officer or the warden again.  The ARB returned the grievance to Vasquez and requested the grievance officer's and the warden's responses without addressing the grievance on the merits.

Magistrate Judge Frazier found in the Report that Vasquez had exhausted his administrative remedies by appealing to the ARB.  Citing *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005), Magistrate Judge Frazier noted that inmates are not required to begin the normal grievance process anew when the warden denies emergency grievance status.  Instead, 20 Ill. Admin. Code § 540.850(a) allows an inmate to appeal a warden's decision straight to the Director of the Illinois Department of Corrections ("IDOC"), that is effectively, to the ARB.  Because Vasquez did just this with his emergency grievance, and the ARB declined to consider the grievance because it did not include responses available only in the normal grievance process, Magistrate Judge Frazier found Vasquez had exhausted all of his available administrative remedies.

In their objection, the defendants note that after the warden rejected Vasquez's emergency grievance, Vasquez voluntarily commenced the normal grievance procedure.  They believe this obligated him to complete all the normal grievance steps before appealing to the ARB.  Alternatively, they argue Vasquez did not properly complete the grievance procedure because he did not attach the grievance officer's and warden's responses to his grievance sent to the ARB as required by 20 Ill. Admin. Code § 504.850(a).

The Court reviews the matter *de novo* and finds that Magistrate Judge Frazier's Report was correct for the reasons stated therein.  *Thornton* squarely rejected the idea that once the warden deems a grievance is not an emergency, the grievance "cease[s] to exist" and the inmate must then

complete the normal grievance process.  *Id.* at 694.   On the contrary, the inmate may appeal the warden's decision directly to the ARB, as Vasquez did.   The ARB may not then prevent exhaustion by requiring documents that are not generated along the "emergency grievance" path the inmate pursued to his appeal.   If IDOC wants to prevent appeals of wardens' decisions in response to emergency grievances, it should alter its rules to prevent such a direct appeal.  However, as the rules are now written, an inmate like Vasquez may appeal a warden's decision – any decision, including an emergency grievance decision – directly to the ARB without going through the grievance officer.   When he does this, he has exhausted all available administrative remedies.

    For these reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 26);
- **OVERRULES** the defendants' objections (Doc. 27); and
- **DENIES** the defendants' motion for summary judgment (Doc. 22).

**IT IS SO ORDERED.**
**DATED:   September 30, 2015**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**