UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. VASQUEZ, <br><br> Plaintiff, <br><br> v. <br><br> ALFONSO DAVID, M.D., WEXFORD HEALTH SOURCES, INC., and MAHESH PATEL, <br><br> Defendants. | Case No. 14-cv-512-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Charles F. Vasquez's motion to reopen this case (Doc. 41), which the Court construes as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b).

The Court dismissed this case (Doc. 35) for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its docket after:

- Written discovery mailed by defense counsel to plaintiff at his last known addresses was returned as undeliverable and without a forwarding option;

- Documents mailed to plaintiff by the Clerk were returned as undeliverable (Docs. 29, 32 & 34);

- Vasquez did not respond to the defendants' motion to dismiss;

- Vasquez ignored the Court's instruction to report changes to his mailing address when he was released from prison; and

- Vasquez waived any objection to Magistrate Judge Frazier's Report and Recommendation to dismiss this case for lack of prosecution by failing to file an objection.

Finding it clear that Vasquez no longer had any interest in prosecuting this case since he had been released from prison, the Court dismissed the case (Doc. 35) and entered judgment (Doc. 36) on December 14, 2015. Apparently Vasquez is back in prison now and has renewed interest in this

litigation.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

Vasquez has not pointed to any extraordinary circumstances that would justify reopening this case more than a year after final judgment was entered. Accordingly, the Court **DENIES** his motion to reopen this case (Doc. 41). As a courtesy, the Court **DIRECTS** the Clerk of Court to send Vasquez copies of documents that were returned to the Court as undeliverable during the periods where Vasquez did not keep his address up to date: Docs. 28, 30, 31, 33, 35, 36 and 39. Vasquez is free to purchase copies of any other documents from the Clerk's Office at a cost of $0.50 per page.

Finally, the Court reminds Vasquez that it dismissed his case without prejudice, so he is free to file a new case over the relevant events, although he should consider whether the statute of limitations has run before doing so and potentially incurring another filing fee.

**IT IS SO ORDERED.**
**DATED:   January 30, 2017**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**